IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUTO GROUP PREMIER, INC. D/B/A | § | |
| ROGER BEASLEY MAZDA OF | § | |
| GEORGETOWN | § | |
| v. | § | CIVIL ACTION NO. 1:24-cv-00145 |
| CLEAR BLUE SPECIALTY | § | |
| INSURANCE COMPANY | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Auto Group Premier, Inc. d/b/a Roger Beasley Mazda of Georgetown ("Beasley") files this Original Complaint and asserts the following claims against Defendant Clear Blue Specialty Insurance Company ("Clear Blue").

## I.   INTRODUCTION

1.  Clear Blue sold Beasley a Dealer Open Lot Insurance Policy (the "Policy"). It insures Beasley for weather-related losses at Beasley car dealerships. In violation of that contract and the Texas Insurance Code, Clear Blue refuses to comply with the determination of its **own** appraiser and pay Beasley for covered losses.

2.  On September 24, 2023, a hailstorm hit Beasley's Georgetown dealership, causing approximately $4 million in damage to 209 vehicles. Beasley promptly filed its claim with Clear Blue, requesting payment for this covered loss. The parties disagreed on the amount Clear Blue owed, so the policy required an appraisal process, which Beasley triggered.

3.  Each party selected an appraiser, and after inspections, they agreed upon the amount of Clear Blue's obligation—$2,257,428.60. That determination is binding. Coverage is clear. Still Clear Blue refuses to pay.

## II.   PARTIES

4. Plaintiff Auto Group Premier, Inc. d/b/a Roger Beasley Mazda of Georgetown is a Texas corporation doing business in Williamson County, Texas.

5. Defendant Clear Blue Specialty Insurance Company is a surplus line insurer, organized and existing under the laws of North Carolina and authorized to conduct business in Texas. Defendant Clear Blue Specialty Insurance Company agreed that service could be made on CT Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, North Carolina, 27615-6417.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction because the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

7. The Court has personal jurisdiction over Defendant Clear Blue because it has personally availed itself of the privileges and benefits of conducting business in Texas. The Policy insures Plaintiff, a Texas resident, for property located in Texas, and Clear Blue's surplus line agent, Risk Point Insurance Services, negotiated sale of the Policy from Dallas, Texas.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Williamson County, Texas.

## IV.   FACTUAL BACKGROUND

9. On September 28, 2022, Clear Blue issued the Policy to insure the vehicles on Beasley's Mazda of Georgetown lot prior to sale. Ex. A, *Policy*. The Policy expressly insures against weather loss, including hail damage, for covered vehicles. In the event of loss, the Policy requires Clear Blue to pay the actual repair costs for each damaged vehicle.

10. On September 24, 2023, a hailstorm hit Beasley's Mazda of Georgetown dealership, causing approximately $4 million in damage to vehicles on the lot. Beasley submitted a claim to

Clear Blue, and representatives of Clear Blue inspected the damaged vehicles on September 27 and 28. On October 24, 2023, Clear Blue advised Beasley that it estimated the total loss to be approximately $1.48 million.

11.   On October 24, 2023, Beasley invoked the Policy's appraisal process:

> 2. Appraisal. If you and we disagree on the amount of **loss,** either may demand an appraisal of the **loss.** In that event, each party will select an appraiser. The two appraisers will select an impartial umpire. The appraisers will state separately the **actual cash value,** the **wholesale value,** and/or the amount of **loss.** If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
>   a.   Pay its chosen appraiser; and
>
>   b.   Bear the other expenses of the appraisal and umpire equally. If we submit to an appraisal, we will still retain our right to deny the claim.

Ex. A, III(a)(2).

12.   Clear Blue selected Patrick Souriall as its appraiser on November 13, 2023. On November 30, 2023, Beasley selected Douglas Bretthauer as its appraiser.

13.   On January 12, 2024, the appraisers agreed that Clear Blue owed Beasley $2,257,428.60. Ex. B, *Claim Report and Letter of Agreement*. Clear Blue acknowledged receiving the appraisal award on January 17, 2024. Ex. C, *Bethea email*. Clear Blue claimed at the time that it would give Beasley its final approval by January 26. *Id*. Clear Blue has failed to even respond to the appraisal award, much less pay Beasley's claim.

### V.   CAUSES OF ACTION

#### A. Breach of Contract

14.   Clear Blue breached the Policy, which was a valid and enforceable contract, by refusing to pay Beasley's claim. Ex. A. Beasley paid all premiums owed under the Policy and made a proper and timely claim. Clear Blue is liable to Beasley for actual damages, the costs of this action, and attorneys' fees.

### B. Texas Insurance Code Violations

15. Clear Blue has violated the Texas Insurance Code by engaging in, and knowingly engaging in, unfair claim settlement practices, including, but not limited to, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability has become reasonably clear. *See* TEX. INS. CODE § 542.003(b)(4). Clear Blue is liable to Beasley for actual damages, additional and/or statutory damages, court costs, attorneys' fees, statutory interest, and any other damages the Court/jury deem proper.

## VI.   CONDITIONS PRECEDENT

16. Beasley has made presentment, and all conditions precedent to Beasley's recovery and relief requested herein have occurred or have been performed.

## VII.   JURY TRIAL

17. Beasley demands a trial by jury.

## PRAYER

Beasley respectfully requests compensatory damages, additional and/or statutory damages, the costs of this action, attorneys' fees, interest, and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

Karen C. Burgess
State Bar No. 00796276
Email: kburgess@burgesslawpc.com
Stacy Rogers Sharp
State Bar No. 24052109
Email: ssharp@burgesslawpc.com
Katie Dolan-Galaviz
State Bar No. 24069620
Email: kgalaviz@burgesslawpc.com
Burgess Law PC
404 West 13th Street
Austin, Texas 78701-1825
Telephone: (512) 482-8808
Facsimile: (512) 900-6325

Dated: February 11, 2024

By: */s/ Karen C. Burgess*
    Karen C. Burgess
    State Bar No. 00796276

**ATTORNEYS FOR PLAINTIFF AUTO GROUP PREMIER, INC. D/B/A ROGER BEASLEY MAZDA OF GEORGETOWN**