IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AUTO GROUP PREMIER, INC. D/B/A § <br> ROGER BEASLEY MAZDA OF § <br> GEORGETOWN § <br> v. § <br> CLEAR BLUE SPECIALTY § <br> INSURANCE COMPANY § | CIVIL ACTION NO. 1:24-cv-00145-RP |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Auto Group Premier, Inc. d/b/a Roger Beasley Mazda of Georgetown ("Beasley") files this First Amended Complaint and asserts the following claims against Defendant Clear Blue Specialty Insurance Company ("Clear Blue").

## I.    INTRODUCTION

1. Clear Blue sold Beasley a Dealer Open Lot Insurance Policy (the "Policy"). It insures Beasley for weather-related losses at Beasley car dealerships. In violation of that contract and the Texas Insurance Code, Clear Blue refuses to comply with the determination of its ***own*** appraiser and pay Beasley for covered losses.

2. On September 24, 2023, a hailstorm hit Beasley's Georgetown dealership, causing approximately $4 million in damage to 209 vehicles. Beasley promptly filed its claim with Clear Blue, requesting payment for this covered loss. The parties disagreed on the amount Clear Blue owed, so the policy required an appraisal process, which Beasley triggered.

3. Each party selected an appraiser, and after inspections, they agreed upon the amount of Clear Blue's obligation—$2,257,428.60. That determination is binding. Coverage is clear. Clear Blue not only refuses to pay, it purports to unilaterally "set aside" the ***binding*** appraisal award.

## II.     PARTIES

4.     Plaintiff Auto Group Premier, Inc. d/b/a Roger Beasley Mazda of Georgetown is a Texas corporation doing business in Williamson County, Texas.

5.     Defendant Clear Blue Specialty Insurance Company is a surplus line insurer, organized and existing under the laws of North Carolina and authorized to conduct business in Texas. Defendant Clear Blue Specialty Insurance Company appeared in this case on March 1, 2024 and requested an extension of its deadline to answer or otherwise respond. Beasley did not oppose the extension.

## III.     JURISDICTION AND VENUE

6.     This Court has jurisdiction because the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

7.     The Court has personal jurisdiction over Defendant Clear Blue because it has personally availed itself of the privileges and benefits of conducting business in Texas. The Policy insures Plaintiff, a Texas resident, for property located in Texas, and Clear Blue's surplus line agent, Risk Point Insurance Services, negotiated sale of the Policy from Dallas, Texas.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Williamson County, Texas.

## IV.     FACTUAL BACKGROUND

9.     On September 28, 2022, Clear Blue issued the Policy to insure the vehicles on Beasley's Mazda of Georgetown lot prior to sale. Ex. A, *Policy*. The Policy expressly insures against weather loss, including hail damage, for covered vehicles. In the event of loss, the Policy requires Clear Blue to pay the actual repair costs for each damaged vehicle.

10.     On September 24, 2023, a hailstorm hit Beasley's Mazda of Georgetown dealership, causing approximately $4 million in damage to vehicles on the lot. Beasley submitted a claim to Clear Blue, and Clear Blue sent representatives to inspect all of the damaged vehicles on September 27 and 28. On October 24, 2023, Clear Blue provided estimates for paintless dent repair (PDR), but because PDR would not restore the cars to their previous condition, Clear Blue's estimate (approximately $1.48 million) was far below the true cost of repairs.

11.     Meanwhile, Beasley engaged two third-party body shops to provide estimates. The difference between Clear Blue's repair estimates and the third parties' averaged over $8,000 per vehicle. But Clear Blue insisted the vehicles could be repaired using the cheaper PDR method and sent their preferred vendor to make the repairs.

12.     The repairman Clear Blue chose for that task traveled to Austin, inspected the damaged vehicles, and determined they could not be repaired using PDR. Nevertheless, Clear Blue still refused to revise its previous repair estimates—in breach of the Policy's terms and in violation of the Texas Insurance Code.

13.     On October 24, 2023, Beasley invoked the Policy's appraisal process:

> 2. Appraisal. If you and we disagree on the amount of **loss,** either may demand an appraisal of the **loss.** In that event, each party will select an appraiser. The two appraisers will select an impartial umpire. The appraisers will state separately the **actual cash value,** the **wholesale value,** and/or the amount of **loss.** If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
>   a. Pay its chosen appraiser; and
>
>   b. Bear the other expenses of the appraisal and umpire equally. If we submit to an appraisal, we will still retain our right to deny the claim.

Ex. A, III(a)(2).

14.     Clear Blue selected Patrick Souriall as its appraiser on November 13, 2023. On November 30, 2023, Beasley selected Douglas Bretthauer as its appraiser. The two reached an agreement on the amount of loss and, on January 12, 2024, the appraisers issued their binding decision: Clear

Blue owed Beasley $2,257,428.60—an amount less than Beasley's estimate but greater than Clear Blue's. Ex. B, *Claim Report and Letter of Agreement*.

15. Clear Blue acknowledged receipt of the appraisal award on January 17, 2024. Ex. C, *Bethea email*. Clear Blue claimed at the time that it would give Beasley its final approval by January 26. *Id*.

16. It was not until February 20, 2024 that Clear Blue finally responded and said it was objecting to the appraisal—and it even purported to be "setting aside" this binding appraisal—claiming it resulted from accident or mistake or was not made in accordance with the Policy terms. Ex. D, *Appraisal Letter*. There is no basis for Clear Blue to object or disregard the appraisal that was ***issued by its own appraiser***.

## V.   CAUSES OF ACTION

### A. Declaratory Judgment

17. Beasley brings this suit for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between Beasley and Clear Blue concerning the validity and enforceability of the appraisal. Beasley respectfully requests that this Court issue a declaratory judgment that the appraisal is valid, binding, and enforceable.

### B. Breach of Contract

18. Clear Blue breached the Policy, which was a valid and enforceable contract, by refusing to pay Beasley's claim. Ex. A. Clear Blue also breached the Policy when it rejected and refused to abide by the binding appraisal issued by its own appraiser.

19. Beasley paid all premiums owed under the Policy and made a proper and timely claim.

20. Clear Blue is liable to Beasley for actual damages, the costs of this action, and attorneys' fees.

### C. Texas Insurance Code Violations

21. Clear Blue has violated the Texas Insurance Code by engaging in, and knowingly engaging in, unfair claim settlement practices, including, but not limited to, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability has become reasonably clear. *See* TEX. INS. CODE § 542.003(b)(4). Clear Blue is liable to Beasley for actual damages, additional and/or statutory damages, court costs, attorneys' fees, statutory interest, and any other damages the Court/jury deem proper.

## VI.   CONDITIONS PRECEDENT

22. Beasley has made presentment, and all conditions precedent to Beasley's recovery and relief requested herein have occurred or have been performed.

## VII.   JURY TRIAL

23. Beasley demands a trial by jury.

## PRAYER

Beasley respectfully requests a judgment declaring that the appraisal award is valid, binding, and enforceable and awarding Beasley compensatory damages, additional and/or statutory damages, the costs of this action, attorneys' fees, interest, and such other and further relief to which Beasley may be entitled.

                                      Respectfully submitted,

                                      Karen C. Burgess
                                      State Bar No. 00796276
                                      Email: kburgess@burgesslawpc.com
                                      Katie Dolan-Galaviz
                                      State Bar No. 24069620
                                      Email: kgalaviz@burgesslawpc.com
                                      Burgess Law PC
                                      404 West 13th Street
                                      Austin, Texas 78701-1825
                                      Telephone: (512) 482-8808
                                      Facsimile: (512) 900-6325

Dated: March 4, 2024

                                By:  */s/ Karen C. Burgess*
                                      Karen C. Burgess
                                      State Bar No. 00796276

**ATTORNEYS FOR PLAINTIFF AUTO GROUP PREMIER, INC. D/B/A ROGER BEASLEY MAZDA OF GEORGETOWN**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was served on the attorneys of record in accordance with the Federal Rules of Civil Procedure on March 4, 2024, as follows:

Mr. Steve J. Badger
State Bar No. 01499050
Email: sbadger@zellelaw.com
Ms. Ashely B. Pedigo
State Bar No. 24095731
Email: apedigo@zellelaw.com
Zelle LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3746
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

                                                  */s/ Karen C. Burgess*
                                                  Karen C. Burgess